**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5599-17T2

ADAM NARDUCCI,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted September 17, 2019 – Decided September 26, 2019

Before Judges Hoffman and Currier.

On appeal from the New Jersey Department of Corrections.

Adam Narducci, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Inmate Adam Narducci appeals from the final agency decision of the Department of Corrections (DOC) that he committed prohibited act *.204 (use of a prohibited substance). We affirm.

We discern the following facts from the record. Narducci is currently serving a prison term of five years, with a mandatory-minimum of four years, two months and thirty days, for robbery. While at the DOC Central Reception and Assignment Facility, after transferring from the Essex County Jail, Narducci requested a transfer to the Mid-State Correctional Facility (Mid-State). On June 11, 2018, the DOC transferred Narducci to Mid-State. Upon arrival, Narducci was given an on-site drug test as part of the intake process for newly arrived inmates. Narducci's initial urine specimen tested positive for marijuana (THC). The specimen was sent to the DOC Laboratory for confirmatory testing.

On June 14, 2018, the DOC Laboratory confirmed the positive test for marijuana. As a result, the DOC charged Narducci with violating prohibited act *.204. The charge was referred to a disciplinary hearing officer for further action. The hearing officer postponed Narducci's June 15, 2018 hearing in order to obtain the original lab results. The hearing occurred on June 19, 2018. Narducci pled not guilty and prepared his case with the help of a counsel

substitute.  At the conclusion of the hearing, the hearing officer found Narducci guilty of prohibited act *.204, sanctioning him to ninety-one days administrative segregation, ninety-one days loss of commutation credit, ninety-one days urine monitoring, fifteen days loss of recreation privileges, and permanent loss of contact visits.  After the hearing, Narducci filed an administrative appeal with the DOC.

On administrative appeal, Narducci argued he admitted to smoking marijuana almost daily, and for that reason, specifically requested assignment to Mid-State so that he could get the drug treatment he needs; however, he denied using any prohibited substances since leaving the Essex County Jail. The Mid-State Assistant Superintendent upheld the hearing officer's decision based on the record before him.  This appeal followed.

Narducci presents two arguments on this appeal. First, he argues the DOC's finding of guilt to infraction *.204 was arbitrary, capricious, and unreasonable.  Second, he argues he was denied due process and a fair hearing.

Prison disciplinary hearings are not criminal prosecutions, and "thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)).  Prisoners receive limited due process protections.

A-5599-17T2

<u>Ibid.</u> The protections extended to prisoners include written notice of the charges, a minimum of twenty-four hours prior to the hearing, an impartial tribunal to consider the charges, a limited right to call witnesses, assistance of counsel substitute, and a right to a written statement of evidence relied upon and the reasons for the sanctions imposed. <u>Avant</u>, 67 N.J. at 525-33.

The scope of appellate review of an administrative agency's final decision is limited. <u>In re Herrmann</u>, 192 N.J. 19, 27 (2007). Decisions by an agency will be upheld, unless the decision is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." <u>Henry v. Rahway State Prison</u>, 81 N.J. 571, 579-80 (1980). Our review is limited to whether the agency's findings could reasonably have been reached based on substantial evidence in the record. <u>In re Taylor</u>, 158 N.J. 644, 656 (1999). <u>See also</u> <u>Avant</u>, 67 N.J. at 530 (noting the substantial evidence standard applied to guilty findings in DOC appeals). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." <u>In re Hackensack Water Co.</u>, 41 N.J. Super. 408, 418 (App. Div. 1956).

Narducci received notice of infraction *.204 more than twenty-four hours before his hearing. Before the hearing, the DOC offered Narducci the

opportunity to present witnesses and documentary evidence; he presented none. At the hearing, Narducci declined to cross-examine adverse witnesses and provided only his own statement as evidence. We conclude Narducci received all the protections afforded to prisoners subjected to disciplinary proceedings, including an assistance of counsel substitute, consistent with Avant.

We also conclude the record contains substantial credible evidence that supports the finding that Narducci violated N.J.A.C. 10A:4-4.1(a)'s prohibited act *.204 by smoking marijuana while incarcerated. The evidence before the DOC consisted of the positive urine specimen and Narducci's statement. Narducci's claim that his positive test resulted from marijuana he used at the Essex County jail, before his assignment to Mid-State, was not arbitrarily rejected by the hearing officer as Narducci provided no evidence to support his assertion against the positive urine specimen.

Because we are satisfied that the facts in the record support the DOC's determination that Narducci was guilty of prohibited act *.204 and that Narducci received the level of due process required by Avant, we affirm the decision on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-5599-17T2